MONTFORT WELLS *v.* THOMAS O. MOORE and another, Executors.

The purchaser of property sold under a *fi. fa.* on twelve months' credit, having offered defendants' testator to the sheriff as security for the price, received a blank bond from the sheriff to be signed by himself and the testator, and filled up on its return  The bond was signed, but not returned to the sheriff, till after the death of the surety, which happened a few days after he signed the instrument, when it was filled up. *Held,* that the security having been previously approved by the sheriff, the contract was complete by the signature of the former.

In a sale under execution, on a twelve months' credit, the sheriff is the agent of the party for whose benefit the sale is made, in taking bond from a purchaser. He is liable to the former if he accept insufficient, and to the latter if he refuse sufficient surety; and is, therefore, the proper judge of its sufficiency.

ACTION against the executors of Richard Winn, before the Court of Probates of Rapides, on two bonds executed by one Hale, and Winn, as his security, for the price of property sold, at twelve months' credit, under a *fi. fa.* in favor of the plaintiff. General denial, and allegation that the bonds were filled up after the death of Winn, and are, consequently, void.

On the trial, Winn's signature, and his death on the 5th

October, 1840, were admitted. Crumpton, deputy sheriff, testified that he handed the bonds to Hale, previously to Winn's death; that the dates and amounts were, perhaps, filled up, leaving some blanks; that they were brought to him, after Winn's death, signed by the latter, when the remaining blanks were filled up. He stated that he was in the habit of handing such bonds to parties, with only the dates and amounts filled up, to be executed by them, and subsequently completed on their return to him. It was his habit to fill up the date, the title of the suit, the amount, and rate of interest, when he delivered the bonds for execution, and to fill up the remaining blanks on their return. He could not state, with certainty, what had been done in the case of the bonds sued on. He added, that when " these bonds were returned to the office he was under the impression that they were not good, in consequence of not having been accepted before Winn's death; but after conversation with some one, he does not recollect who, he determined to take them." The witness further stated, " that it was the understanding, when the bonds were given to Hale, that he was to get Winn as the security, and that he told Hale, that he would be satisfied with him as such."

Hale, the principal obligor, stated, that when the bonds were signed by Winn, they were blank as to date, title of suit, amount, rate of interest, and description of property; that they were returned by him to the sheriff's office, some time after Winn's death; that he does not recollect having offered Winn as security, when the bonds were handed to him for execution; that they were not accepted by the sheriff until after Winn's death; that the sheriff objected to accepting them on account of his death; and that they were taken by the officer, and filled up after consultation. He stated, further, that he explained to Winn the nature of the debts for which the bonds were given; and told him, as nearly as he could, the amounts in which they were to be filled up. He proved that they were signed by Winn a few days before his death, which occurred after a sickness of six or seven days; and that they " were filled up in pursuance of the conversation between himself and the deceased."

There was a judgment, *Waters*, J., in favor of the plaintiff, from which the executors have appealed.

*Elgee*, for the plaintiff, asked for a confirmation of the judgment.

*Brent* and *O. N. Ogden*, for the appellants. The contracts were not complete at the time of Winn's death, by the acceptance of him as security. His signature to the blank bonds, was, at most, a power of attorney to Hale, or the sheriff, to fill up the bonds, which was vacated by his death. Civ. Code, art. 2996.

MARTIN, J. The defendants are appellants from a judgment against the estate of their testator, Richard Winn, on two twelve months' bonds executed by him as surety, but retained by his principal until after his, the testator's, death; and their counsel contend, that there is no evidence that he bound himself, nor that the bonds were accepted by the sheriff. The record shows that, after the sale, the principal named to the sheriff the defendant's testator as his surety; that the sheriff then gave him two blank bonds partially filled up, in order that they might be executed by both the principal and surety, which was accordingly done. It is urged that judgment was correctly given against the estate, Winn having been accepted as surety by the sheriff, and having afterwards bound himself, by his signature, to the bonds.

It is objected, that there was no acceptance of the bonds, and, therefore, no completion of the contract of suretyship, during the life of the testator; and that the delivery of the blank bonds, partially filled up by the sheriff, was not an acceptance of the surety, who ought to have been accepted, not by the sheriff, but by the plaintiff in the execution; that the sheriff, when the bonds were handed to him after the testator's death, at first refused to receive, but afterwards took them.

It appears to us that the court did not err. The acceptance of the surety must precede his execution of the bond, for it would be in vain to execute it before the surety was approved. The refusal of the sheriff, at first, to take the bonds, when they were presented to him after the surety's death, cannot be considered by the court as a circumstance destroying the evidence of his acceptance of the surety resulting from his having handed to the principal blank bonds, partially filled up, to be executed by the testator; and his retaining the bonds afterwards, and filling them up, destroys the presumption which is attempted to be drawn from his refusal at first. The sheriff is the agent of the plaintiff

in the execution, in taking the defendant's bond, and is liable to the former if he accepts an insufficient surety, and to the latter if he refuses a solvent one ; he is, therefore, the proper judge of the sufficiency of the surety, and, consequently, the person who is to exercise his judgment on the acceptance of the bond.

*Judgment affirmed.*