No. 339.—MARY B. POWELL *v.* B. F. O'NEIL, Sheriff. EXECUTORS OF DENMAN *v.* MARY B. POWELL and H. S. BOSLEY.

The action by a creditor to annul a judgment of the wife against her husband, on the ground that it was obtained through fraud and collusion, is prescribed by one year. C. C. 1994.

The same prescription applies to the attack in the sale to the wife made under the judgment for fraud or collusion.

APPEAL from the Tenth Judicial District Court, parish of Bossier. *Levisee,* J. *J. D. Watkins,* for executors, appellees. *Nutt & Leonard* and *Looney & Ashton,* for appellants.

HOWE, J. These cases are consolidated. The first is a suit to enjoin the sale of certain lands of which Mrs. Mary B. Powell, the plaintiff, claims to be owner by virtue of her alleged purchase at sheriff's sale on the fifth of October, 1867, under *fieri facias* issued on a judgment in her favor against her husband, dated March 29, 1867.

The amount of the judgment was eleven thousand seven hundred and ten dollars; the price paid by her at sheriff's sale, one thousand seven hundred and fifty-eight dollars and fifty-seven cents, being the full appraised value.

The second suit is one instituted about the time of the seizure by the seizing judgment creditors to have the judgment of Mrs. Powell against her husband and all sales thereunder [to her] declared in the language of the prayer of the petition, "simulated and fraudulent and informal and null and void,"

The first question is in regard to the prescription of one year pleaded to the action of Denman's executors to annul the wife's judgment. The judgment of Denman was recovered September 16, 1870, and the action by his representatives to annul was not filed till October 10, 1871. On the petition there appears a waiver of citation and acceptance of service dated April 4, 1871, and signed by the gentlemen who are now the attorneys of record for Mrs. Powell and her husband.

We do not think that this waiver could have any effect except from the time the petition was filed in court. The action to annul, considered as the revocatory action proper, is therefore prescribed under act 1994 of the Revised Code, as interpreted in Frere v. Mentz, 23 An. 546; and see Van Wickle v. Garrett, 14 An. 106.

But the counsel for the executors of Denman insist that their action is one in declaration of simulation and not prescriptible by one year. We do not so regard the case as disclosed by the record. The judgment is clearly a real one, and the case is quite like that of Landry v. Marchaer, 6 An. 87, where the plea of prescription of one year was maintained.

The same prescription applies to the attack in the sale to the wife under the judgment for fraud or collusion, it appearing to be a real contract. Dennistoun v. Nutt, 2 An. 483.

The alleged informalities on the sale, if such they are, do not concern the executors of Denman so long as they are precluded from attacking the judgment of the wife. No injury or loss of advantage in a legal sense is shown to have resulted to them from these informalities alone. 11 Rob. 533; 6 An. 581; 9 An. 602; 10 An. 497; 5 An. 570.

The absence of stamps on the sheriff's deed was supplied by permission of the collector of internal revenue, and it is not necessary to inquire what would have been the effect on the rights of Denman if they had never been affixed. We had occasion to pass on this question in the case of succession of Durand, lately decided. 24 An. 352.

It is urged that the judgment of Mrs. Powell is void for want of reasons as required by the Constitution.

This point has generally been raised by appeal, but if it be properly made in this proceeding it is enough to remark that the absence of any exception or answer by the defendant in that suit was a sufficient reason. 3 Rob. 156. In such a case the phrase "by reason of the law" and the evidence necessarily refer to the law and evidence adduced by plaintiff.

It is therefore ordered that the judgment appealed from be reversed; that the suit of the executors of Denman be dismissed, and that the injunction issued herein in favor of Mrs. Mary B. Powell be made perpetual, and that she recover costs in both courts.